## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

███████████

| | | |
|---|---|---|
| SANDRA BAKER, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 6:13-cv- 1319 [FJS/ATB] |
| | ) | |
| COHEN & SLAMOWITZ, LLP, | ) | |
| DAVID A. COHEN and | ) | |
| MITCHELL G. SLAMOWITZ, | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Sandra Baker brings this action to secure redress from unlawful collection practices engaged in by defendant Cohen & Slamowitz, LLP.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Plaintiff also names the firm's two active partners, David A. Cohen and Mitchell G. Slamowitz.

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), and 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce).

4.      Venue and personal jurisdiction in this District are proper because defendant's collection activities impacted plaintiff within this District.

### PARTIES

5.      Plaintiff Sandra Baker is an individual who resides in Lee Center, New York.

1

6.      Defendant Cohen & Slamowitz, LLP is a law firm organized as a limited liability partnership with principal offices at 199 Crossways Park Drive, Woodbury, NY 11797.

7.      Defendants David A. Cohen and Mitchell G. Slamowitz are, or hold themselves out as, general partners of defendant Cohen & Slamowitz, LLP.

8.      According to the firm's web site, "The firm is managed by its two active partners, David A. Cohen and Mitchell G. Slamowitz." (http://www.cslawllp.com/aboutus.asp)

9.      Defendants David A. Cohen and Mitchell G. Slamowitz allow themselves to be described as "partners" in other databases.

10.     Cohen and Slamowitz are accordingly liable for the acts of the firm and are named as defendants herein. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000)

11.     Defendant Cohen & Slamowitz, LLP is engaged in the business of collecting  allegedly defaulted consumer debts originally owed to others and incurred for personal, family or household purposes.

12.     Defendant Cohen & Slamowitz, LLP regularly uses the mails and telephone system  in the process of collecting debts.

13.     According to "Automated Debt-Collection Lawsuits Engulf Courts," in the New York Times of July 13, 2010, Cohen & Slamowitz, LLP files 80,000 collection lawsuits per year in the New York courts.

14.     Many of these cases are filed in courts of limited jurisdiction.

15.     Defendant Cohen & Slamowitz, LLP is a "debt collector" as  defined in the FDCPA.

16.     Defendants Cohen and Slamowitz are also debt collectors as defined in the FDCPA.

## FACTS

17.     This action concerns attempts to collect from plaintiff a credit card debt

2

incurred for personal, family or household purposes and not for business purposes.

       18.     In 2013, Cohen & Slamowitz, LLP, representing TD Bank, filed suit against plaintiff in the City Court of the City of Sherrill, New York, seeking to collect such debt.

       19.     Under the New York Uniform City Court Act, the City Court of the City of Sherrill, New York is authorized to hear cases arising in the City of Sherrill and in the surrounding Town of Vernon.

       20.     Section 213 of the New York Uniform City Court Act provides:

**§ 213. Residence or business within city.**

  **(a) In an action described in § 202, either a plaintiff or a defendant must:**

      **1. be a resident of the city or of a town contiguous to such city, provided that such town is**

         **(i) within the same county, and**

         **(ii) contiguous to the city by land, and**

         **(iii) not within either Nassau or Westchester counties; or**

      **2. have a regular employment within the city; or**

      **3. have a place for the regular transaction of business within the city.**

  **(b) A corporation, association or partnership shall, for the purposes of this section, be deemed a resident of the city if it has an office or agency or regularly transacts business in the city.**

  **(c) The requirements of subdivision (a) shall not apply:**

      **1. in an action described in § 404 (a), relative to a cause of action arising within the city; or**

      **2. in an action described in § 405, relative to actions in rem or quasi in rem; or**

      **3. in an action wherein service of summons is made pursuant to § 407, relative to service upon an attorney or clerk as agent of his client; or**

      **4. to a counterclaim, cross-claim, third-party claim, interpleader claim, or claim asserted by or against a party who has intervened in the action.**

**(d) The requirements of this section shall not be deemed jurisdictional; they shall be deemed waived by the plaintiff upon his commencing an action in the court, and they shall be deemed waived by the defendant unless he raises the objection by motion or in his responsive pleading as prescribed in § 1002 of this act. Notwithstanding waiver by the parties, the court may, on its own initiative at any time, dismiss an action which does not satisfy the requirements of this section. Any dismissal under this section shall entitle the parties to the benefit of CPLR § 205, relating to an extension of time to commence a new action.**

21.    The only town contiguous to the City of Sherrill, New York and in the same county is Vernon.

22.    Plaintiff did not reside in the City of Sherrill and the contract sued upon was not one signed in City of Sherrill.

23.    The underlying lawsuit was settled.

24.    It is the policy and practice of Cohen & Slamowitz, LLP to file collection lawsuits in City Courts not authorized to hear the cases over the defendant's objection under §213. *Hess v. Cohen & Slamowitz,* 637 F.3d 117 (2d Cir. 2011).

25.    Defendants Cohen and Slamowitz were aware of the Second Circuit decision.

26.    Defendants Cohen and Slamowitz were obligated to cause the conduct of their firm to conform to the Second Circuit's decision, but did not do so.

## COUNT I – FDCPA – CLASS CLAIM

27.    Plaintiff incorporates paragraphs 1-26.

28.    Defendant's practice of filing cases in City Courts not authorized to hear them over the consumer's objection violates 15 U.S.C. §1692i.

29.    Section 1692i provides:

**§ 1692i.        Legal actions by debt collectors [Section 811 of P.L.]**

**(a) Any debt collector who brings any legal action on a debt against any consumer shall--**

**(1)      in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a**

**judicial district or similar legal entity in which such real property is located; or**

**(2)      in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--**

**(A)      in which such consumer signed the contract sued upon; or**

**(B)      in which such consumer resides at the commencement of the action.**

**(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.**

## CLASS ALLEGATIONS

30.      Plaintiff  brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

31.      The class consists of (a) all natural persons (b) sued by defendant (c) in a City Court (d) where the person did not sign a contract in the city or a contiguous municipality within the same county and (e) did not reside, at the time suit was filed,  in the city or a contiguous municipality within the same county, (e) where either the original action or a collection proceeding was filed on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

32.      The class members are so numerous that joinder is impracticable.  On information and belief, there are more than 50 members.

33.      There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's filing practices violate the FDCPA.

34.      Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has  retained counsel experienced in consumer credit and debt collection abuse cases.

35.      A class action is the superior means of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff  requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1)     Statutory damages ($1,000 for plaintiff and the lesser of $500,000 or 1% of net worth for the class) against defendants;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other or further relief as the Court deems proper.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Mark F. Viencek
LAW OFFICES OF MARK F. VIENCEK
290 Linden Oaks, First Floor
Rochester, New York 14625
(585) 419-8075
(866) 818-9500 (FAX)

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


s/Tiffany N. Hardy
Tiffany N. Hardy